IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CELSO TABELIN NUNEZ, Jr., | § | |
|     Plaintiff, | § | |
| v. | § | NO.  3:14-CV-00333-RFC |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act.  For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

**PROCEDURAL HISTORY**

On August 17, 2012, Plaintiff filed an application for DIB, alleging a disability onset date of January 1, 2012.  (R:141)  His application was denied initially and on reconsideration.  (R:82, 90)  Plaintiff filed a request for a hearing, which was conducted on December 4, 2013.  (R:32-57)  The Administrative Law Judge ("ALJ") issued a decision on February 5, 2014, denying benefits.  (R:13-27)  The Appeals Council ("AC") denied review.  (R:4-7)

## ISSUES

Plaintiff presents the following issues for review:

1.      Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and

2.      Whether the Commissioner applied an incorrect legal standard in determining that Plaintiff is not disabled.

Plaintiff contends that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because the Commissioner failed to accommodate all of Plaintiff's impairments supported by the record.  This led to an erroneous step five determination, inasmuch as the Commissioner failed to meet her burden of proof at that point.  (Doc. 19:8)  Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings.  (Doc. 19:9)  Defendant responds that the ALJ used the proper legal standards, and that substantial evidence supports the ALJ's findings and conclusions.  (Doc. 21:8-10)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence "is more than a mere scintilla, and less than a preponderance."  *Masterson*, 309 F.3d at 272.  The Commissioner's findings will be upheld if supported by substantial evidence.  *Id*.  A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence.  *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process:  1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work.  20 C.F.R. § 404.1520.  The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering claimant's RFC, age, education, and past work experience, that he is capable of performing other work.  The Commissioner may meet this burden by the use of opinion testimony of vocational experts ("VE") or by the use of administrative guidelines provided in the form of regulations. *Rivers v. Schweiker,* 684 F.2d 1144, 1155 (5th Cir. 1982).  If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he cannot, in fact, perform that work. *See Masterson,* 309 F.3d at 271-272.

In the present case, the ALJ found that Plaintiff had severe impairments of: left shoulder bursitis, status post-surgical repair; bilateral knee chondromalacia; bilateral pes planus with plantar

fasciitis; obesity; and, adjustment disorder.[2]  (R:16)  The ALJ determined that none of Plaintiff's

impairments, either alone or in combination, met or medically equaled the listed impairments.  (R:20)

After considering the entire record, he determined that Plaintiff retained the RFC to perform light

work, except standing or walking no more than four hours, with normal breaks throughout an

ordinary eight-hour workday; no more than frequently stooping, crouching, or climbing stairs or

ramps; never climbing ladders, scaffolds, or ropes; using a cane at all times; and no more than simple

tasks involving simple instructions, working primarily with things rather than with people; he can

maintain concentration, persistence, and pace for two hours at a time on such tasks before taking a

regularly scheduled break, and then returning to work, throughout the day.  (R:22)  The ALJ then

determined that Plaintiff was unable to perform any past relevant work.  (R:26)  At step five, the ALJ

determined that Plaintiff was capable of performing other work, i.e., that of a final assembler, a ticket

counter, and a table worker.  (R:27)  Consequently, he found that Plaintiff was not disabled through

the date of his decision.

### III. The ALJ's Determination of Plaintiff's Residual Functional Capacity

Plaintiff contends that substantial evidence does not support the ALJ's determination that he

retains the capacity to perform a reduced range of light work.  First, he argues that the ALJ failed to

fully address his walking, standing, sitting and reaching limitations as follows.  (Doc. 19:4, 6)  The

ALJ failed to address Plaintiff's inability to sit for an extended period of time due to his back and

hip pain.  (Doc. 19:4)  He also failed to include a sit/stand at will option which Plaintiff needs due

---

[2]  Plaintiff points out that the ALJ found that he has severe diabetes and peripheral neuropathy, and that the ALJ failed to include all limitations relating to Plaintiff's peripheral neuropathy in determining his RFC.  (Doc. 19:3)  He also alleges that the ALJ found that he can do light work except that he should "avoid extreme temperatures."  *Id*. The Court rejects these contentions inasmuch as they are not borne out by the record nor are they the ALJ's findings.

to his inability to sit for extended periods.  (Doc. 19:4-6)  The ALJ failed to properly accommodate Plaintiff's shoulder impairment in his RFC determination.  (Doc. 19:6-8)  Plaintiff's reaching with his left upper extremity is significantly limited.  (Doc. 19:8)  A Veteran's Administration ("VA") letter indicates Plaintiff has a 90% disability rating–other VA records show back, hip, and shoulder impairments that limit Plaintiff's RFC, which the ALJ failed to accommodate in his RFC finding. (Doc. 19:8)  Even though the ALJ acknowledged Plaintiff's limitations by limiting him to standing/walking for no more than 4 hours and accommodated Plaintiff's cane use, Plaintiff still cannot perform the standing/walking requirements of the reduced level of light work.  (Doc. 19:4, 8)  Plaintiff concludes that he has been prejudiced by the ALJ's error in failing to properly accommodate his impairments, because had he done so there would not be any jobs that Plaintiff can perform.  (Doc. 19:8)

A plaintiff's RFC is the most that individual can still do despite his limitations.  20 C.F.R. § 404.1545; SSR 96-8p.  The responsibility to determine the plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).  In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Martinez*, 64 F.3d at 176.  The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p.  The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).  The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c).  A medically

determinable impairment must be established by acceptable medical sources.   20 C.F.R. §

404.1513(a).  Plaintiff's own subjective complaints, without objective medical evidence of record,

are insufficient to establish disability.  *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

A review of the record finds substantial evidence to support the ALJ's RFC decision in this

case.  Treating physician Dr. Mario Palafox conducted an orthopedic examination of Plaintiff's

knees, lumbar spine, and upper extremities on February 15, 2013.  His examination of Plaintiff's

knees showed that although Plaintiff had a slightly painful range of motion and crepitus, he had a

normal gait and did not use any type of aid with ambulation.  (R:1785)  Although Plaintiff had a

significant reduction in motion of his lumbar spine, he had a negative straight leg raising test

bilaterally.  *Id*.  Plaintiff could tandem walk, and heel and toe walk with mild discomfort mainly in

his knees and back.  *Id.*  Dr. Palafox diagnosed Plaintiff with mild to moderate degenerative joint

disease of the knees, mild to moderate spondylosis, and a small compression fracture , L1.  (R:1786)

He concluded that Plaintiff was functioning at a light to medium level with no major neurological

deficits.  *Id*.  The opinion of a treating physician is generally deserving of great weight unless there

is good cause for rejecting it.  *Newton v. Apfel,* 209 F.3d 448, 455-56 (5th Cir. 2000).

A February 17, 2012, magnetic resonance imaging ("MRI") of Plaintiff's left shoulder

showed no rotator cuff or labral tears and no significant arthropathy.  (R:16)  The ALJ relied on

medical evidence which showed that Plaintiff had no significant limitations of range of motion in his

left shoulder.  (R:23)  An April 17, 2013, physical examination showed Plaintiff had normal

movement of all extremities.  (R:1814)  An x-ray of Plaintiff's right shoulder showed it to be normal.

(R:1797) Dr. Palafox found that Plaintiff's upper extremities showed 5/5 strength, normal sensation,

and normal grip strength.  (R:1785)

Plaintiff's contention that a sit/stand at will option was required is also unavailing.  Dr. Palafox did not opine that such an option was necessary; instead he concluded that Plaintiff was functioning at a level that did not require aid for ambulation and had no major effect on the neurological function of the lower or upper extremities.  (R:1786)  The ALJ acknowledged and accommodated Plaintiff's shoulder, knee, and foot limitations by limiting him to standing/walking to no more than 4 hours and by accommodating his cane use.  (R:25)

The ALJ also rejected Plaintiff's arguments regarding limitations due to spine, hip, and wrist impairments.  An MRI of Plaintiff's lumbosacral spine taken on December 1, 2011, was normal. (R:17)  The ALJ concluded that Plaintiff's minimal spondylosis did not appear to cause any significant functional limitations.  *Id.*  The ALJ also relied on two 2012 physical evaluations which reflected no hip complaints or hip-related limitations.  *Id.*  He further noted that Plaintiff presented with no hip issues upon establishing care with the VA Health Services in October, 2013.  *Id.* Furthermore, x-rays showed no significant hip arthrosis.  (R:23)  In a similar vein, a February 14, 2012, physical examination demonstrated no right wrist problem or limitations.  (R:16)  Plaintiff's January, 2013 military disability evaluation summary proposed that any wrist strain had resolved itself and resulted in no persistent limitations.  *Id*.

Other evidence supports the ALJ's non-disability decision as well.  Plaintiff indicated at a physical examination on April 16, 2013, that he was taking pain relief medications.  (R:1801)  He indicated that he felt fine and had no symptoms while on the medications.  *Id.*  Conditions which are controlled by treatment are not disabling.  *Epps v. Harris*, 624 F.2d 1267, 1270 (5th Cir. 1980).  The ALJ also relied on Plaintiff's daily activities in reaching his non-disability decision.  These included Plaintiff's regular leisure activities of playing golf and engaging in target shooting; he also drove a car, ran errands, and performed household chores.  (R:20, 23)  The ALJ can consider daily activities

when evaluating subjective complaints.  *See Leggett*, 67 F.3d at 565.  The ALJ harbored significant doubts regarding Plaintiff's credibility, and enumerated a list of reasons which justified his serious reservations.  (R:19, 23-25)

Finally, the ALJ also relied on the state medical consultants, Robin Rosenstock, M.D., and Scott Spoor, M.D., who both concurred with the ALJ's RFC determination of a reduced level of light work.  This additional medical evidence also lends to the substantial evidence which supports the ALJ's decision.

Plaintiff also contends that a January 2013 VA letter indicates a 90% disability rating, which includes Plaintiff's medical impairments of his left shoulder and lumbar spine spondylosis. (Doc. 19:8; R:1946-1952)  He argues that additional VA records support a finding of back, hip and shoulder impairments that would significantly limit Plaintiff's RFC, which the ALJ erroneously failed to accommodate in his RFC finding.  (Doc. 19:8)

Plaintiff's contention is without merit.  The ALJ in fact considered this VA evidence throughout his opinion.  For example, he considered it when determining that Plaintiff had severe impairments, i.e., the left shoulder impairment.  (R:16)  Furthermore, the ALJ considered other VA medical evidence as well throughout his opinion.  In sum, it is apparent that although the VA finding is not legally binding, the ALJ gave it great weight and did not disregard it in arriving at his findings in this case.  *Loza v. Apfel*, 219 F.3d 378, 394-95 (5th Cir. 2000)  In choosing to reject some of the VA evidence, the ALJ acted within his discretion, which is to resolve conflicting evidence, including conflicting medical evidence.

At the fifth step, considering Plaintiff's age, education, work experience, and RFC, as well as VE testimony, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  (R:27)  Specifically, the VE testified that an

individual with Plaintiff's profile would be able to perform the requirements of representative

occupations such as final assembler, ticket counter, and table worker.  (R:27, 54-55)  Although

Plaintiff contends that the ALJ's hypothetical to the VE failed to properly accommodate all of

Plaintiff's sitting, standing, walking, and reaching limitations (Doc. 19:3-9), the ALJ was not

required to do so, inasmuch as a hypothetical to the VE need only include those limitations that are

supported by the evidence and recognized by the ALJ.  *Masterson*, 309 F.3d at 273-274.  In this case,

the ALJ chose to reject the limitations urged by Plaintiff and acted within his discretion in so doing.

The value of a VE is that he is familiar with the specific requirements of a particular occupation,

including working conditions and the attributes and skills needed.  *See Vaughan v. Shalala*, 58 F.3d

129, 132 (5th Cir. 1995).  The VE's response to the hypothetical question constitutes substantial

evidence in support of the ALJ's decision of non-disability.

The Court is mindful of Plaintiff's emphasis of record evidence which weighs in favor of

disability.  The record is replete with medical evidence from William Beaumont Army Medical

Center and the VA which attests to Plaintiff's numerous maladies.  Unfortunately for Plaintiff, the

question here is not whether there is some or even substantial evidence supporting Plaintiff's

disability claim, but whether there is substantial evidence, which may be less than a preponderance

of the evidence, to support the Commissioner's determination.  *Newton,* 209 F.3d at 452.  In

reviewing Plaintiff's no-substantial-evidence claim, the Court has considered the record as a whole

and has taken "into account whatever in the record fairly detracts from its weight."  *See Singletary

v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).  The ALJ found that statements made by Plaintiff

regarding the intensity, persistence, and limiting effects of his impairments were not credible to the

extent that they were inconsistent with the RFC arrived at by him.  (R:19, 21, 24-25)  It is within the

ALJ's discretion to resolve conflicting evidence, including conflicting medical evidence.  *See Jones*

*v. Heckler,* 702 F.2d 616, 621 (5th Cir. 1983).  To whatever degree the evidence highlighted by Plaintiff might detract from the weight of the rest of the evidence in the record, it falls short of that required to establish a no-substantial-evidence claim.  The Court must affirm the Commissioner's findings if there is substantial evidence to support them.  *Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985).

Review of the objective medical evidence and the non-medical evidence supports the ALJ's findings and RFC determination.  Plaintiff's subjective complaints are insufficient to support his claims of disability.  Consequently, the Court finds that substantial evidence supports the ALJ's RFC determination and that correct legal standards were applied in determining that Plaintiff is not disabled.

**CONCLUSION**

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on April 21, 2016.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE